**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

KIMBERLY L. ROBBINS,  )
)
                Plaintiff,  )
)
                v.  )     Case No. 4:22-cv-00057-TWP-KMB
)
MARTIN O'MALLEY Commissioner of Social  )
Security Administration,[1]  )
)
                Defendant.  )

**ORDER ON PLAINTIFF'S PETITION FOR ATTORNEY FEES**
**UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on a Petition for Attorney Fees (the "Petition") filed by counsel for Plaintiff Kimberly Robbins ("Counsel") pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("the EAJA") (Filing No. 14). On February 19, 2013, Kimberly Robbins ("Robbins") filed an application for Disability Insurance Benefits, which was denied (Filing No. 1). The Court remanded the denial twice, once under Case Number 4:17-cv-00063-RLY-TAB, and again under Case Number 4:19-cv-00222-SEB-DML. Following the second remand and additional proceedings, the Administrative Law Judge issued a denial of Robbins' application, becoming the final decision of the Commissioner (*see* Filing No. 5-21 at 19-20). On judicial review of the Commissioner's most recent decision, Robbins prevailed when this Court remanded the decision for further administrative proceedings (Filing No. 12). Counsel now petitions for an award of attorney fees pursuant to the EAJA. For the reasons discussed below, her Petition is **granted.**

---

[1] Martin J. O'Malley became Commissioner of the Social Security Administration effective December 20, 2023, replacing Kilolo Kijakazi, who served as Acting Commissioner.

## I.   <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2412(d)(1)(A), the EAJA allows the award of fees in "any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action."   A successful claimant against the federal government is entitled to recover attorney fees under the EAJA where (1) the claimant is a "prevailing party"; (2) the government was not "substantially justified"; (3) no "special circumstances make an award unjust;" and (4) "the fee application is submitted to the district court within 30 days of final judgment and is supported by an itemized statement."  28 U.S.C. § 2412(d)(1)(A); *Golembiewski v. Barnhart*, 382 F.3d 721,723–24 (7th Cir. 2004).

## II.   <u>DISCUSSION</u>

Counsel seeks an award of attorney fees under the EAJA, 28 U.S.C. § 2412(d) (<u>Filing No. 14</u>).  Counsel contends that all the required elements to be awarded attorney fees under the EAJA have been met:  Robbins is an eligible party, she was the prevailing party, the Commissioner's position was not substantially justified, no special circumstances exist to render the award of fees unjust, and her application was timely filed (<u>Filing No. 15</u>).  Counsel seeks attorney fees in the amount of $13,600.26, and reimbursement of the $402.00 filing fee, to be paid directly to Counsel pursuant to the written assignment signed by Robbins and her counsel (<u>Filing No. 17</u>).

The Commissioner does not dispute that Robbins has satisfied all elements required under the EAJA, nor does he dispute the reimbursement for the $402.00 filing fee (<u>Filing No. 16 at 1</u>). Rather, he argues that the attorney fee amount sought by Robbins' counsel should be reduced because the hours requested are excessive and unreasonable.  *Id.*

2

The hours included in an award of attorney fees under the EAJA must be reasonably billed. *See Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). In using its discretion in determining whether hours have been reasonably billed, a court should take into account several factors, including the size and complexity of the case, the staffing particulars, and the quality of outcome for the party. *Id.* at 434–37. Additionally, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. The applicant for fees bears the burden of submitting evidence which adequately justifies the number of hours claimed. *Id.* at 433. In determining the amount to be awarded, courts "must exclude hours that were not reasonably expended and may reduce the award accordingly." *Tchemkaou v. Mukasey*, 517 F.3d 506, 509 (7th Cir. 2008).

Counsel seeks attorney fees for a total of 58.2 billable attorney hours and 2.0 paralegal hours. Counsel argues that her original fee of $13,263.57 is consistent with the holding in *Buis v. Colvin*, which found that 45 hours was reasonable for an opening brief and 25 hours was reasonable for a reply brief (Filing No. 15 at 8 (citing No. 13-cv-878, 2015 WL 6393937 at *17, 19 (S.D. Ind. Oct. 22, 2015))). Counsel filed an itemized, detailed billing statement of the hours expended and rates charged in this matter along with information on the Adjusted Hourly Rates for EAJA Fee Market Analysis in support of her Petition (Filing No. 14-2; Filing No. 14-3). Counsel asserts that significant time was devoted to finding the relevant facts critical to Robbins' success, as she was represented by different counsel at the administrative level and Counsel was not previously familiar with the claim. (Filing No. 15 at 9.) Counsel argues the time was reasonably spent given the administrative transcript in this case was 1,513 pages long.

The Commissioner correctly points out that when requesting attorney fees under EAJA, the plaintiff bears the burden of showing that the fees her attorney seeks are reasonable. *See Ashton*

*v. Pierce*, 580 F. Supp. 440, 441 (D.C. Cir. 1984) (citing *Hensley*, 461 U.S. at 437). The Commissioner argues that not all 58.2 attorney hours were reasonably expended, and an excessive amount of time was spent on drafting the opening and reply briefs given the size of the record, the straightforward issues in this case, and the attorney's experience with Social Security appeals (Filing No. 16 at 4). The Commissioner also points to the unnecessary duplication of work by a senior attorney and a junior attorney, arguing the reviewing attorney's discretionary delegation of the drafting attorney to handle portions of the case was unreasonable. *Id.* at 4-5. The Commissioner cites *Hensley*, which states that the prevailing party should make a good-faith effort to exclude hours from a fee request that are excessive, redundant, or otherwise unnecessary. *Id.* at 2 (quoting 461 U.S. at 434). The Commissioner proposes that the Court reduce the requested total fees under the EAJA by 13.5 hours to $10,233.36, plus the $402.00 filing fee. *Id.* at 9.

The Court accepts many of Counsel's propositions, including that: Counsel did not represent Robbins at the administrative level and had to familiarize herself with the record in preparation for appeal; the transcript was over fifteen hundred pages long; it takes time to review the record and identify issues to appeal; even if the legal issues were not novel, they required a fact-intensive analysis; the fact that two attorneys worked on Robbins' case does not itself warrant a fee reduction; the fact that Counsel is experienced in social security judicial review cases does not automatically mean her request should be reduced; and Counsel achieved excellent results for her client in the case.

The Court is not persuaded by the Commissioner's contention that the hours billed were excessive or unreasonable. The Commissioner cites *Beverly M.*, where this Court reduced the requested attorney fees by 12 hours for excessive editing time, duplication of pre-prepared work, and lack of complex or novel issues of law. *See Beverly M. v. Saul*, No. 19-cv-3732, 2021 WL

6049997, at *3 (S.D. Ind. Dec. 20, 2021) (finding 11.5 hours spent editing another attorney's opening draft to be excessive as these hours were over half the 20 hours spent drafting the entire brief). Here, unlike in *Beverly M.*, the Statement of Facts was not prepared by a paralegal, and the Court does not find the 6.7 hours reviewing and editing the opening draft and 11.5 hours on the reply brief to be an excessive amount of time.

Nothing prohibits multiple attorneys from working together. *See Maske v. Comm'r of Soc. Sec.*, No. CV-18-04891, 2020 WL 6562343, at *6 (D. Ariz. Nov. 9, 2020) (finding "no fault with the fact that two attorneys collaborated on [a] case and recogniz[ing] that legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process."). It is not unusual for a senior attorney to review the work of a junior attorney, so long as the billed hours reflect a standard division of labor. *See, e.g.*, *Christina K. v. Kijakazi*, No. 22cv303, 2023 WL 9234194, at *1 (N.D. Ind. Nov. 28, 2023) (citing cases); *Joseph S. Kijakazi*, No. 21-cv-470, 2023 WL 2866724, at *2 (S.D. Ind. Apr. 10, 2023) (finding no "redundancy—only responsibility-sharing"). The drafting attorney here spent 33.3 hours drafting the opening brief, while the reviewing attorney spent 6.7 hours editing ([Filing No. 14-2](#)). In *Evans v. Berryhill*, No. 17cv54, 2018 WL 1581790, at *3 (N.D. Ind. Apr. 2, 2018), the court approved 33.1 hours for preparation of an opening brief with a nearly one-thousand-page record, citing cases finding the amount of time requested for an opening brief to be reasonable, including 32.2 hours for a law clerk and 7.2 hours for a supervising attorney. One court's review of EAJA petitions in the Northern and Southern Districts of Indiana revealed that the average record was about 798 pages long, which is shorter than the 1,513-page record in this case. *See Stanley v. Berryhill*, No. 1:16-cv-01129, 2018 WL 3241293, at *2 n.2 (S.D. Ind. July 3, 2018). The Commissioner fails to address how Counsel's fees are unreasonable in light of the comparatively long record here. The

fee requested for the 58.2 hours expended by Robbins' counsel is appropriate due to the length of the administrative record compared to other cases.

The Commissioner's argument that attorney hours should be reduced because of Counsel's experience with Social Security appeals is not persuasive.  While the legal arguments advanced by Counsel were not necessarily novel or unique, the facts of Robbins' case are.  Counsel's arguments were factually complex, and the time spent in preparing and editing the brief is akin to those in other cases in the Seventh Circuit. *See Elise M.P. v. Kijakazi*, No. 22-cv-261, 2023 WL 6317011, at *2 (S.D. Ind. Sept. 27, 2023) (noting that spending 34.4 hours on an opening brief and 15.4 hours on a reply brief is reasonable); *Stanley*, 2018 WL 3241293, at *2 (holding 60 hours was appropriate for a record that was 570 pages long); *Monk v. Colvin*, No. 15-cv-233, 2016 WL 445659, at *2 (N.D. Ind. Aug. 23, 2016) (compiling cases awarding fees upwards of 70 hours).

The time spent by Counsel was well within the parameters generally considered reasonable by district courts in the Seventh Circuit.  Counsel obtained a positive result for Robbins through her research and briefing. The Commissioner has not demonstrated the time expended was unreasonably spent.  Counsel is therefore entitled to the requested fees based on the number of hours detailed in her time entry charts.

Counsel also requests an additional $336.69 for 1.5 hours spent preparing the EAJA reply brief (Filing No. 17 at 14).  In finding that a prevailing litigant may recover the costs of litigating an EAJA fee petition, the United States Supreme Court has stated that:

> [t]he EAJA . . . provides district courts discretion to adjust the amount of fees for various portions of the litigation . . . . The purpose and legislative history of the statute reinforce our conclusion that Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute.

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 165–66 (1990).  The Court finds that 1.5 hours is a reasonable amount of time to prepare the reply in support of her Petition, and Robbins' counsel is therefore entitled to an additional award of $336.69.

Accordingly, Robbins' Counsel's Petition for EAJA fees is **granted**.  Counsel is entitled to a total of $13,600.26 in attorney fees and $402.00 as a reimbursement for filing costs.

### III.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Petition for an Award of Attorney Fees Under the Equal Access to Justice Act (Filing No. 14). The Court finds the amount of $13,600.26 in attorney fees, plus $402.00 as a reimbursement for filing costs, is reasonable. **The Commissioner shall direct** that the award be made payable to Robbins' counsel, as the arrangement is consistent with the fee agreement in the record.

**SO ORDERED**.

Date:  7/22/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Adriana Maria de la Torre
TOWER LAW GROUP
adriana@towerlawgroup.com

Alison T. Schwartz
SOCIAL SECURITY ADMINISTRATION
alison.schwartz@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov